IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 03-cv-01591-WYD-MEH

HUNTWISE, INC.,

    Plaintiff,

v.

MAT SPORTS, LLC,
    d/b/a Kodiak Island Series,

    Defendant.

---

**RECOMMENDATION TO ENFORCE RELEASE AND SETTLEMENT AGREEMENT**

---

Pending before the Court is Plaintiff's Motion to Enforce Release and Settlement Agreement [filed August 28, 2008; docket #82]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. Colo. LCivR 72.1.C, the Motion has been referred to this Court for recommendation [docket #84]. Plaintiff, expressly on Defendant's behalf, filed an Unopposed Motion for Extension of Time for Defendant to file a Response to this Motion, which the Court granted setting a Response due date on or before October 1, 2008. Defendant did not respond to Plaintiff's Motion; therefore, the Court construes Plaintiff's Motion as confessed for the purposes of this recommendation. For the reasons stated herein, the Court **recommends** that Plaintiff's Motion be **granted**.

**I.**    **Background**

Defendant MAT Sports, LLC, doing business as Kodiak Island Series (referred to as "Kodiak") entered into a Release and Settlement Agreement with Plaintiff Huntwise, Inc., on May 31, 2006, concluding the litigation initiated by Plaintiff on August 20, 2003. (Pl.'s Mot. to Enforce Ex. A.) The agreement obligated Defendant to pay Plaintiff an aggregate amount of $95,000; $3,654.00 as an initial payment, then monthly payments of $3,653.84 for twenty five months. (*Id.*

at 2.) In its Motion to Enforce, Plaintiff represents to the Court that Plaintiff last received a payment from Defendant on October 29, 2007.

In its supporting Brief, Plaintiff demonstrates Defendant's history of missing scheduled payments until prompted with attached letters sent by Plaintiff's counsel to Defendant's counsel on December 29, 2006, February 21, 2007, and October 18, 2007. The last letter dated October 18, 2007, gave notice to Defendant that Plaintiff would not continue to prompt payment by letter, but would automatically file a motion to enforce if Defendant missed another payment. The letter states Plaintiff would "immediately file a motion to enforce" if Plaintiff did not receive Defendant's payment due by November 30, 2007. Plaintiff filed the present, and only, Motion to Enforce on August 29, 2008, approximately ten months after the last payment received. Plaintiff states Defendant has made a total of fourteen payments of $3,654.00, therefore Defendant owes a remainder of $43,844.00 to satisfy its obligation under the Settlement Agreement.

## II. Discussion

### A. *Jurisdiction of the Court*

Enforcement of a settlement agreement in federal court requires its own basis for federal jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994). The parties may contract for the federal court concluding the litigation to retain jurisdiction over a resulting settlement agreement as a term in the agreement itself. *Id.* at 381-82. "Absent such action, however, enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction." *Id.* at 382.

As provided for in the Settlement Agreement, Judge Daniel concluded a Final Consent Judgment dismissing all clams and counterclaims in the original action and articulating the terms of the injunction against Kodiak [filed June 9, 2006; docket #80]. Judge Daniel also included a

provision explicitly retaining jurisdiction "over the Parties for the purposes of enforcement of the provisions of this Consent Judgment and the Settlement Agreement between the Parties pursuant to which the Consent Judgment is filed." Consistent with *Kokkonen,* by these terms, this Court may exercise jurisdiction over the enforcement of the Settlement Agreement in this matter. *See also Buckhannon Bd. & Care Home, Inc. v. West Va. Dep't of Health & Human Res., et al.*, 532 U.S. 598, 604 (2001); *Floyd v. Ortiz*, 300 F.3d 1223, 1225 n.1 (10th Cir. 2002).

### B. *Settlement Agreement Obligations*

Basic principles of contract law apply to settlement agreements. *Republic Res. Corp. v. ISI Petroleum W. Caddo Drilling Program 1981*, 836 F.2d 462, 465 (10th Cir. 1987). "When the terms of a contract are not ambiguous, courts 'give them legal effect according to their plain, ordinary and popular meaning.'" *Id*. (quoting *Resort Car Rental Sys., Inc. v. Chuck Ruwart Chevrolet, Inc*., 519 F.2d 317, 320 (10th Cir. 1975)). Louisiana law governs the terms of the Settlement Agreement in this matter. (Pl.'s Mot. to Enforce Ex. A 6.) The Louisiana Civil Code dictates, "when the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." La. Civ. Code art. 2046 (2008). Additionally, the Louisiana Civil Code commands that "contracts have the effect of law for the parties" and "must be performed in good faith." *Id*. art. 1983.

The Settlement Agreement in this case states:

> **NOW, THEREFORE**, for and in consideration of the mutual promises, premises, covenants and agreements contained in the Agreement . . . the parties to the Agreement, intending to be legally bound, agree as follows:
> . . .
> 2. **Payment by the Kodiak to Huntwise.** Upon execution of the Agreement, Kodiak will pay Huntwise three thousand six hundred and fifty-four dollars ($3,654.00 USD). Thereafter, Kodiak will pay Huntwise three thousand six hundred fifty-three dollars and eighty-four cents ($3,653.84 USD) a month for twenty-five months for a total of 26 payments in the aggregate amount of

> $95,000.00. The payments will be due on or before, and payments will be considered timely made if postmarked on or before, the monthly anniversary of the date of the execution of the Agreement. The address to mail payments to is: Huntwise, Inc., P.O. Box 8460, Monroe, Louisiana, 71211.

In light of the plain meaning of these sections of the Settlement Agreement, the signatures of both parties on the Agreement, and the partial performance conducted by the parties of the fourteen completed payments, the Court concludes the Settlement Agreement in this matter legally binds Kodiak to comply with its obligations of payments to Huntwise. Therefore, Plaintiff's request to enforce the agreement should be granted.

### C. *Attorney's Fees*

The Supreme Court held that "settlement agreements enforced through a consent decree may serve as the basis for an award of attorney's fees . . . [because] court-ordered consent decrees create the 'material alteration of the legal relationship of the parties' necessary to permit an award of attorney's fees." *Buckhannon Bd. & Care Home, Inc.*, 532 U.S. at 604. Furthermore, the inherent ability of the Court to award attorney's fees, albeit with restraint and discretion, may be exercised when a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-46 (1991).

Louisiana Civil Code establishes "an obligor in bad faith is liable for all the damages, foreseeable or not, that are a direct consequence of his failure to perform." La. Civ. Code art. 1997 (2008). "The 'bad faith' referred to in article 1997 generally implies actual or constructive fraud or a refusal to fulfill contractual obligations, not an honest mistake as to actual rights or duties." *Bd. of Supervisors of La. State Univ. v. La. Agric. Fin. Auth.*, 2007-0107, p. 10 (La. Ct. App. 1 Cir. 2/8/08); 984 So. 2d 72, 80.

Defendant presumptively does not oppose Plaintiff's Motion to Enforce as the parties requested an extension of time permitting Defendant's response, yet Defendant still failed to submit

any argument against Plaintiff's assertions. Therefore, the Court can find no indication of an "honest mistake" on the part of Defendant, but a "refusal to fulfill [the] contractual obligations" of the Settlement Agreement. Defendant thereby satisfies the definition of bad faith as articulated in the Louisiana Civil Code; consistent with the Supreme Court's determinations, Plaintiff's request for attorney's fees should be granted.

## III. Conclusion

Accordingly, for the reasons stated above, the Court RECOMMENDS that Plaintiff's Motion to Enforce Release and Settlement Agreement [filed August 28, 2008; docket #82] be **GRANTED**.[1]

Dated at Denver, Colorado, this 7th day of October, 2008.

BY THE COURT:

s/Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

---

[1] Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).