IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 03-cv-01591-WYD-MEH

HUNTWISE, INC., a Louisiana Corporation,

    Plaintiff,

v.

MAT SPORTS, L.L.C.,
    d/b/a KODIAK ISLAND SERIES,

    Defendant.

_____

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION
TO ENFORCE RELEASE AND SETTLEMENT AGREEMENT**
_____

THIS MATTER is before the Court in connection with Plaintiff's Motion to Enforce Release and Settlement Agreement (filed August 28, 2008). This motion was referred to Magistrate Judge Hegarty for a recommendation by Memorandum dated August 29, 2008. A Recommendation to Enforce Release and Settlement Agreement was issued by Magistrate Judge Hegarty on October 7, 2008, and is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

Magistrate Judge Hegarty notes therein that since Defendant did not respond to the motion, it was deemed confessed for purposes of the motion. Recommendation at 1. He further finds therein that the Court has jurisdiction over enforcement of the Settlement Agreement, that the Agreement legally binds Kodiak to comply with its obligations of payment to Plaintiff, and that Defendant has missed scheduled payments. *Id.* at 1-4. Accordingly, he recommends that Plaintiff's Motion to Enforce Release and

Settlement Agreement be granted. *Id.* at 4. Magistrate Judge Hegarty also recommends that Plaintiff be awarded attorney fees as a result of Defendant's bad faith in refusing to fulfill its contractual obligations under the Settlement Agreement. *Id.* at 4-5.

Magistrate Judge Hegarty advised the parties that written objections were due within ten days after being served with a copy of the Recommendation. *Id.* at 5 n. 1. Despite this advisement, no objections were filed to the Recommendation. No objections having been filed, I am vested with discretion to review the Recommendation "under any standard [I] deem[] appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings"). Nonetheless, though not required to do so, I review the Recommendation to "satisfy [my]self that there is no clear error on the face of the record."[1] *See* Fed. R. Civ. P. 72(b) Advisory Committee Notes.

Having reviewed the Recommendation, I am satisfied that there is no clear error on the face of the record. I agree with Magistrate Judge Hegarty that Defendant is in default of its obligations under the Settlement Agreement and that the Agreement should be enforced. Accordingly, it is

---

[1] Note, this standard of review is something less than a "clearly erroneous or contrary to law" standard of review, FED. R. CIV. P. 72(a), which in turn is less than a *de novo* review, FED. R. CIV. P. 72(b).

ORDERED that the Recommendation to Enforce Release and Settlement Agreement dated October 7, 2008, is **AFFIRMED and ADOPTED**.  In accordance therewith, it is

ORDERED that Plaintiff's Motion to Enforce Release and Settlement Agreement (filed August 28, 2008) is **GRANTED**.  It is

FURTHER ORDERED that Plaintiff is entitled to an award of reasonable attorney fees incurred in connection with its motion, the amount of which shall be determined by Magistrate Judge Hegarty.

Dated:  November 10, 2008

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge