IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 03-cv-01591-WYD-MEH

HUNTWISE, INC.,

    Plaintiff,

v.

MAT SPORTS, LLC,
    d/b/a Kodiak Island Series,

    Defendant.

---

**RECOMMENDATION ON PLAINTIFF'S VERIFIED
AMENDED MOTION FOR AWARD OF ATTORNEYS' FEES**

---

Pending before the Court is Plaintiff's Verified Amended Motion for Award of Attorneys' Fees [filed March 5, 2009; docket #101]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. Colo. LCivR 72.1.C, the Motion has been referred to this Court for recommendation [docket #102]. For the reasons stated below, the Court RECOMMENDS that Plaintiff's Verified Amended Motion for Award of Attorneys' Fees be **granted in part** and **denied in part**.[1]

---

[1] Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

**I.     Background**

The Background stated in this Court's Recommendation to Enforce Release and Settlement Agreement is incorporated by reference. (Docket #90 at 1-2.) In that Recommendation, the Court concluded the Settlement Agreement in this matter legally binds Defendant to comply with its obligations of payments to Plaintiff. The Court further recommended that Plaintiff's request for attorney's fees should be granted, because Defendant's conduct satisfied the definition of bad faith as articulated in the Louisiana Civil Code, consistent with the Supreme Court's determinations regarding awards of attorney's fees.

The District Court affirmed and adopted the Recommendation on November 10, 2008, and held that "Plaintiff is entitled to an award of reasonable attorney fees incurred in connection with its motion," the amount of which would be determined by this Court. (Docket #94 at 3.) This Court then issued a minute order setting a briefing schedule regarding the determination of fees, including a stated date for Defendant to respond to a motion for fees. To date, Defendant has not responded to either of Plaintiff's motions for fees. (*See* dockets #97, 100, 101.) Accordingly, the Court construes Plaintiff's Amended Motion as unopposed and proceeds to evaluate the reasonableness of Plaintiff's request.

**II.    Discussion**

The Supreme Court held that "settlement agreements enforced through a consent decree may serve as the basis for an award of attorney's fees . . . [because] court-ordered consent decrees create the 'material alteration of the legal relationship of the parties' necessary to permit an award of attorney's fees." *Buckhannon Bd. & Care Home, Inc.*, 532 U.S. 598, 604 (2001). Furthermore, the Court may exercise its inherent ability to award attorney's fees, albeit with

restraint and discretion, when a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-46 (1991). The Court's determination of the fee award is subject to a discretionary reasonableness evaluation.

Plaintiff requests $11,313.68 in attorney fees incurred in connection with the Motion to Enforce Settlement Agreement and the subsequent motions for fees. (Docket #101 at 3.) Plaintiff claims three attorneys and one paralegal spent 73.2 hours performing work duties related to the motions. (Dockets #101-3, 101-5.) Assumed to be in proportion with experience, the three attorneys charge $155.00, $250.00, and $330.00 per hour respectively, and the paralegal's fee is $85.00 per hour. (*Id.*) The Court notes, as Defendant did not submit responses to the Motion to Enforce Settlement Agreement or the motions for fees, Plaintiff did not draft replies.

Based on the Court's experience and its evaluation of reasonableness in the matter at hand, and after review of the motions, the Court determines as follows. Regarding the Motion to Enforce Settlement Agreement, it is reasonable to spend three hours researching proper jurisdiction and venue, one hour on drafting the motion itself, three hours on drafting the supporting memorandum, and one hour of review. Considering the submitted invoices, the Court deems it proper to bill the eight hours at $155 per hour for three hours of research, $250 per hour for four hours of drafting, and $330 per hour for one hour of review.

Regarding the Amended Motion for Award of Attorney's Fees, the Court concludes it is reasonable to spend three hours drafting the motion, two hours assembling supporting materials, and one hour of review. Based on the submitted invoices and the motion itself, all six hours are properly billed at $250 per hour.

Therefore, the Court recommends Plaintiff's Motion be denied insofar as the amount requested and granted in that Plaintiff should be awarded a total of $3295.00.

**III.    Conclusion**

Accordingly, the Court RECOMMENDS that Plaintiff's Verified Amended Motion for Award of Attorneys' Fees [filed March 5, 2009; docket #101] be **GRANTED IN PART** and **DENIED IN PART**, and that Plaintiff be awarded $3295.00 in reasonable attorney fees as stated herein.

Dated at Denver, Colorado, this 6th day of April, 2009.

BY THE COURT:

s/Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge